## MONAHAN v. MURRAY et al.

### UNITED STATES ex rel. MURRAY et al. v. DOYLE, Judge.

(Court of Appeals of District of Columbia. Submitted October 11, 1920. Decided November 8, 1920.)

Nos. 3364, 3367.

1. **Courts �köm190(4)—Hearing for approval of bond on appeal from municipal court must be had within two days after last date for filing.**

   Under Code of Law 1901, § 31, requiring bond on appeal from the municipal court to be given within six days after entry of judgment and the rule of the Supreme Court of the District requiring two days' notice of application for the approval of the bond, the two days' notice of the hearing must expire not more than two clear days after the bond is filed, if it is filed on the fifth or sixth day after judgment.

2. **Courts ⊨190(4)—Approval of bond on appeal from municipal court nunc pro tunc cannot be entered after disapproval and expiration of time.**

   Where a bond on appeal from the municipal court was disapproved at the hearing on the last day on which such hearing could be had, the right of appeal ceased, and the municipal court judgment became final, so that an order approving the bond could not thereafter be entered nunc pro tunc, though the court could have continued the hearing to a subsequent date and then approved the bond.

3. **Courts ⊨190(4)—Bond on appeal from municipal court should be disapproved on reasonable objection.**

   The requirement of a bond on appeal from a municipal court judgment is for the protection of the appellee, and the court, therefore, should not approve any such bond to which there is any reasonable objection.

Appeal from the Supreme Court of the District of Columbia.

Action in the municipal court by George O. Murray and another against Thomas F. Monahan, appealed by defendant to the Supreme Court of the District, consolidated for hearing with an application by the United States, on the relation of George O. Murray and another, against Michael M. Doyle, one of the Judges of the Municipal Court of the District of Columbia for mandamus, requiring the issuance of a writ of restitution. Appeal in the first case dismissed and application for mandamus denied, and the defendant in the first case and relators in second case, appealed. Judgment dismissing appeal affirmed. Judgment denying mandamus reversed and remanded.

W. C. Balderston, of Washington, D. C., for appellant in 3364, and appellee in 3367.

R. B. Dickey, of Washington, D. C., for appellees in 3364, and appellants in 3367.

ROBB, Associate Justice. These cases were consolidated for hearing in the trial court and were heard together here. The first involves the action of the trial court in dismissing the appeal from the municipal court; the trial court being of the view that the municipal court, having disapproved the appeal bond, was without authority, after the expiration of the appeal period, to approve the bond nunc pro tunc. The second appeal is from an order of the trial court, dismissing the petition.

of appellant (appellee in the first case) for a writ of mandamus requiring the municipal court to issue a writ of restitution.

The Murrays instituted a suit in the municipal court for the recovery of possession of certain described premises, alleging that they were bona fide purchasers of the same and necessarily required them for their own use and occupancy. On November 5, 1919, judgment for possession was rendered and an appeal noted. On November 10th, which was within the six days allowed by section 31 of the Code for the giving of an appeal undertaking, notice was given appellee, under rule 7 of the Supreme Court of the District, that the appealing party, on the 13th of November following, would "offer Frank Frazanno * * * and Chas. D. Hood * * * as sureties on the undertaking to be entered into herein." On November 13th it developed, during the examination of Frazanno, that he was under some misapprehension as to his liability under the undertaking he had signed. Whereupon Frazanno announced to the court that he did not "care to go on this bond." The cosurety then stated to the court that counsel for appellant had failed to make agreed financial arrangements with the sureties. Thereupon counsel for the appealing party "said he would have the money by 4 o'clock if they (the sureties) would wait. The sureties said they did not care to go on the undertaking anyway." Thereupon the following entry was made by the municipal court judge:

"Within bond disapproved; both sureties appearing and expressing a desire to withdraw."

On November 19th, following, new counsel appeared for the appealing party and moved the court to approve the undertaking theretofore disapproved. A copy of the motion was served upon counsel for the opposite party, but the record fails to show that any notice was given the sureties on the undertaking. On the day named in the motion the court, after hearing counsel for the parties, entered the following order:

"Upon hearing of the motion filed herein to approve the appeal bond, heretofore disapproved, such disapproval being based solely upon the expressed desire of the sureties to withdraw, the sureties being otherwise sufficient, it appearing to the court that it was without authority in law to disapprove said bond, the said appeal bond filed herein is hereby and herewith approved this 29th day of November, 1919, as of and for the 30th day of November, 1919."

The appeal was dismissed in the court below on motion of the plaintiffs, who subsequently filed their petition for mandamus.

Under section 31 of the Code an appeal from a judgment in the municipal court may not be allowed "unless the appellant, with sufficient surety, approved by the justice [now municipal court judge] shall enter into an undertaking to satisfy and pay whatever final judgment may be recovered in the appellate court," and such an undertaking "must be given within six days, exclusive of Sundays and legal holidays, after the entry of judgment."

By a rule of the Supreme Court of the District, which this court sustained in Fowler v. Quigley, 38 App. D. C. 214, two clear days' notice in writing must be given the appellee of the application for the approval of the above bond.

In Beal v. Cox, 14 App. D. C. 368, a justice of the Supreme Court of the District had refused to approve an appeal bond, because not satisfied as to the genuineness of the signature of the surety. After the expiration of the time within which a bond might have been filed, a motion was made for the approval of the disapproved bond, nunc pro tunc. The court overruled this motion, upon the ground that it was "equivalent to an offer of a new bond after the period allowed therefor had expired." This court ruled that, had an application been made at the time of the first hearing for leave to take testimony, it would have been the duty of the court to have granted the motion, and that, had the court, upon hearing, decided to approve the bond a formal entry might have been made, nunc pro tunc. In disposing of the case however, this court said:

"When the justice refused to approve the bond for any reason, it cannot be considered as 'filed,' or any longer before him. The only recourse, then, is to apply for time to prove the genuineness of the bond, or to reoffer it, or a substitute bond, within the time limited by the rule."

The court sustained the action of the trial judge—

"in refusing to consider the bond when offered the second time, because his power to approve an appeal bond in the case had ceased with the expiration of the time allowed in the rule."

In Mulvihill v. Clabaugh, 21 App. D. C. 440, involving an appeal bond in the Supreme Court of the District, this court said:

"The bond is an instrument, in the meaning of the rule, without any effect until it is approved by the court or judge thereof."

[1, 2] We think the above decisions controlling in this case. The statute requires the appeal bond to be filed within six days after the entry of judgment, and the two clear days' notice to the appellee of the hearing for the approval of the bond must expire not more than two clear days after the bond is filed, when that instrument is filed on the fifth or sixth day after judgment. The first hearing in the municipal court for the approval of the bond here involved was on the last day within which such a hearing might have been noted under the rule. When the sureties sought to withdraw, for the reasons stated, the court, as suggested in Beal v. Cox, might have continued the hearing and determined the question later, nunc pro tunc, thus preserving the jurisdiction of the court. But this was not done, nor did the appealing party ask for delay or further opportunity to be heard. The court, as in Beal v. Cox, disapproved the bond and, in the circumstances, terminated the appeal. When, therefore, the second application was made to the judge for the approval of the bond the judgment of the court had become final, and it was beyond the power of the court to allow an appeal therefrom. The attempted appeal was abortive, because supported by no bond.

[3] It is unnecessary to consider whether the municipal court was right or wrong in permitting the sureties to withdraw, but it may be observed that the purpose of the statute is the protection of the appellee, and the court should approve no bond as to which there is any

reasonable objection. Moreover, the hearing required by the rule is for the express purpose of developing any infirmity in the bond.

As to the appeal in No. 3367, no appeal having been perfected from the judgment in the municipal court, it follows that it became the ministerial duty of the judge to issue a writ of restitution. We are quite certain, however, that it will be necessary to do no more than indicate our view of the matter, and, while it will be necessary to reverse the judgment, with costs, in this appeal, no formal order to the municipal court need be made. The judgment is affirmed, with costs, in No. 3364; but in No. 3367 the judgment is reversed, with costs, and the cause remanded for further proceedings.

No. 3364: Affirmed.

No. 3367: Reversed and remanded.